**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Strategic Diversity, Inc.; and Kenneth P. Weiss,<br><br>Plaintiffs,<br><br>v.<br><br>Alchemix Corporation; Robert R. Horton and Cheryl Halota Horton; and Medici Associates, LLC,<br><br>Defendants. | No. CV-07-00929-PHX-GMS<br><br>**ORDER** |

The Court has before it Defendants' Motions for Judgment Renewed (Doc. 229) and for a New Trial (Doc. 230). Both motions are denied for the reasons articulated below.[1]

**FACTUAL BACKGROUND**

This protracted litigation has produced numerous orders, an appeal, and now a trial. As a result, only the barest recitation of facts appears here. Plaintiffs Strategic Diversity and Kenneth Weiss brought suit against Defendants Alchemix Corporation, Robert and Cheryl Horton, and Medici Associates in May of 2007. (Doc. 1.) Their Complaint included a host of claims, but only the federal and state securities claims asserted by Weiss made it to trial. The dispute centered on actions taken in 2002 relating to an investment in Alchemix. Weiss claimed that Horton made material

---

[1] The Parties' requests for oral argument are denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

misrepresentations or omissions regarding an investment by a third party—Western Oil Sands—in Alchemix, and that those misrepresentations or omissions induced Weiss to purchase $250,000 of stock in Alchemix.

Western Oil committed to an investment of three million dollars in Alchemix in June of 2002 with the option to purchase another $33 million. Specifically, Weiss contended that Horton told him that Western Oil would exercise that option and that Horton's statement constituted a material misrepresentation within the meaning of federal and state securities law. Weiss also asserted that Horton learned that Western Oil was not going to exercise its options before June 8, 2012, the date when Weiss committed to purchasing the $250,000 of Alchemix stock.

The parties conducted a three-day jury trial on August 28-30, 2012. At the close of Weiss's case, Defendants moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. (Doc. 210.) The Court granted the motion as to Strategic Diversity and took the motion under advisement as to Weiss. (Doc. 211.) At the close of trial, the jury found for Weiss. The jury's special verdict form consisted of six questions. The jury determined that Horton made a material misrepresentation or omission of fact to Weiss in connection with the sale of the 250,000 shares of Alchemix stock, that Weiss justifiably relied on the misrepresentation or omission, and that the misrepresentation or omission caused Weiss to purchase the 250,000 shares. (Doc. 218 at 1-2.) The jury also found that Weiss should not have discovered the facts underlying the misrepresentation or omission prior to May 7, 2005, thus rejecting Defendants' statute of limitations defense. (*Id.* at 3.) Although the jury verdict spoke largely in "either-or" terms, the final question of the special verdict asked specifically whether Horton "learn[ed] that Western Oil Sands was not going to move forward with exercising its options to purchase additional stock in Alchemix before July 8, 2002." (*Id.*) The jury answered in the affirmative. In other words, the jury found that a material omission occurred: Horton knew Western Oil Sands was not going to exercise its options before Weiss purchased his shares. In light of the jury's finding of a material omission, the

Court denied the Defendants' Rule 50 motion as to Weiss. (Doc. 224 (Trial Trans. Aug. 28-30, 2012) at 272:7-18.)

On September 27, 2012, the Defendants timely filed their Motion for Judgment Renewed and Motion for a New Trial.

## DISCUSSION

### I.  MOTION FOR JUDGMENT AS A MATTER OF LAW

#### A.  Legal Standard

Rule 50(a) of the Federal Rules of Civil Procedure provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party." Here, where the Court did not grant the Rule 50(a) motion, Rule 50(b) allows the moving party to "renew" their motion no later than 28 days after discharge of the jury.

The standard governing interpretation of the term "legally sufficient evidentiary basis" is analogous to a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ("[T]he standard for granting summary judgment mirrors the standard for judgment as a matter of law, such that the inquiry under each is the same.") The moving party must therefore show an absence of a dispute of material fact and that they are entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A review of the entire record is required—evaluating only the evidence supporting the verdict will not do. *Reeves*, 530 U.S. at 150.  But in so doing, "the court must draw all reasonable inferences in favor of the nonmoving party." *Id.*

At least three "musts" govern application of the Rule 50 standard. "[T]he court must . . . not make credibility determinations or weigh the evidence" *Id.*; *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1468 n.8 (9th Cir. 1984) ("[T]he court must accept the jury's credibility findings consistent with the verdict."). It likewise "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves*,

530 U.S. at 151. Finally, the court must "not substitute its view of the evidence for that of the jury." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001).

The question, then, is whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fisher v. City of San Jose*, 558 F.3d 1069, 1074 (9th Cir. 2009) (en banc) (internal quotation omitted). The standard is "extraordinarily deferential" and "is limited to whether there was any evidence to support the jury's verdict." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961-62 (9th Cir. 2009). The watchword is "manifest miscarriage of justice." *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 888 (9th Cir. 2002).

**B.     Application**

Defendants contend that there is insufficient evidence under Rule 50 for the jury to have found either a material omission or a material representation. To establish a valid claim under Rule 10b-5, Weiss had to satisfy five elements: "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." *In re Daou Sys. Inc., Sec. Litig.*, 411 F.3d 1006, 1014 (9th Cir. 2005) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005)). Arizona law is substantially the same.[2] Because the jury expressly found an omission, and the Court determines that there is substantial evidence to support that finding, only the evidence supporting an omission is considered. The Defendants cite Horton's trial testimony that he did not learn of Western Oil's decision to forego exercising their option until after July 8, 2002. (Doc. 224 (Trial Trans. Aug. 28-30, 2012) at 250:13-17.) Defendants claim that this fact is uncontroverted and therefore entitles them to judgment as a matter of law.

---

[2] A person commits securities fraud under Arizona law when he or she, in connection with the a sale of securities, "make[s] any untrue statement of material fact, or omit[s] to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." Ariz. Rev. Stat. § 44-1991(A)(2).

Weiss, however, cites at least three pieces of evidence that cut the other way. At trial, Horton also claimed that he learned of Western Oil's decision three to four weeks after their initial investment occurred. (*Id.* at 183:8-184:17.) That investment was agreed upon on June 12, 2002, and the three million was paid on June 17, 2002. (*Id.* at 147:18-148:6.) Three to four weeks later would be July 3-15. Some of those dates predate July 8. In addition, Horton himself loaned Alchemix $900,000 during this time period, the same period that he claimed to be trying to clean up the balance sheet by repaying other loans. (*Id.* at 169:4-173:9.) Weiss claims that a jury could have inferred that Horton made the loan because he knew that Western Oil had backed out. Finally, Weiss himself testified on more than one occasion that he felt hurried and pressured by Horton during that same period. (*Id.* at 55:24-56:5, 120:10-16.) While hardly conclusive, these pieces of evidence would be sufficient to raise a question of fact for the jury if this case was at the summary judgment stage. Defendants devote much of their Motion and Reply asking the Court to re-weigh the evidence and make an independent determination. That is not its role. To believe or not to believe Horton is a question for the jury, and the jury expressly believed the account propounded by Weiss. There was substantial evidence to support that determination, and the Court will not disturb it.

Because there was substantial evidence to support a finding of a material omission, there is no need to consider whether a material misrepresentation was made. Consequently, the Motion for Judgment Renewed is denied.

## II.     MOTION FOR A NEW TRIAL

Defendants have also moved for a new trial under Rule 59(a). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Instead, the court looks to "those grounds that have been historically recognized." *Id.* Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251

(1940). Once again, the Court is on the lookout for "miscarriage[s] of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000). Defendants assert three justifications for a new trial: (1) the verdict was against the clear weight of the evidence, (2) the Court made an erroneous evidentiary ruling that substantially prejudiced them, and (3) newly discovered evidence would have altered the verdict.

### A.  The Clear Weight of the Evidence

Defendants argue that the jury's verdict is against the clear weight of the evidence and that the Court should therefore grant a new trial under Rule 59(a). There are some differences between a Rule 50 motion for judgment as a matter of law and a Rule 59(a) motion for a new trial. A court may not grant a Rule 50 motion if there is substantial evidence to support the verdict. "The existence of substantial evidence does not, however, prevent the court from granting a motion for new trial pursuant to [Rule 59(a)] if the verdict is against the clear weight of the evidence." *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). In deciding a Rule 59(a) motion, "[t]he judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Id.* That does not mean, however, that the trial judge judges this case anew. A high threshold remains. A motion will be granted only if the verdict "is against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result." *E.E.O.C. v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997) (internal quotations omitted). "The district court cannot substitute its evaluations for those of the jurors." *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d 1075, 1084 (9th Cir. 2009). The Ninth Circuit provides the following guidance on this somewhat imprecise standard:

> On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and

> for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*Landes*, 833 F.2d at 1371-72 (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2806, at 48-49 (1973) (footnotes omitted)).

Defendants do not raise any issues separate from those articulated in their Motion for Judgment Renewed. While the Court has more leeway at this stage to weigh the evidence, it cannot say that the jury's verdict was against the clear weight of evidence presented at trial. As discussed above, Horton's testimony on the crucial question of when he first learned contained potential contradictions. On one hand, he claims that he did not learn of the fire that caused Western Oil not to exercise their option after July 8. On the other hand, he claimed that he learned of the fire three or four weeks after Western Oil's initial investment, which encompasses a period of time prior to July 8. There is a measure of imprecision in relying on Horton's "three to four week" estimate as a counter to his explicit denial of knowledge prior to his deal with Weiss on July 8. Most of the days in the three to four week window fall after July 8. Were the Court sitting in the place of the factfinder, it may have concluded differently. But—despite Defendants' insistence to the contrary—that is not the question here. The question is whether the jury's express rejection of Defendants' argument that Horton did not know of Western Oil's intentions prior to July 8 ran against the clear weight of the evidence. It did not.

The discussion with respect to the Motion for Judgment Renewed revealed circumstantial evidence (Horton's own investment and Weiss's testimony of the rushed process) that supports finding that Horton learned of Western Oil in the earlier part of the three-to-four-week window. To create a clear weight of the evidence, Defendants cite only Horton's testimony that he did not know before July 8. The jury was not required to accept that testimony in the face of contrary evidence. And contrary evidence existed. It

was Defendants' burden at this point to establish a "clear weight of the evidence" that would give the Court a "definite and firm conviction that a mistake has been committed." *Landes*, 833 F.2d at 1372. It has not.

### B.   Erroneous Evidentiary Ruling

Defendants next contend that the Court made an erroneous evidentiary ruling when it admitted Trial Exhibit 61. Exhibit 61 purported to be a certified copy of Securities and Exchange Form 40-F that Western Oil filed on May 9, 2003. The Court admitted the exhibit over a hearsay objection during Horton's testimony as a public record under Federal Rule of Evidence 803(8). Assuming—without deciding—that the Court admitted the document in error, Defendants have to show that the admission "substantially prejudiced" them. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995).

Form 40-F contained various details about Western Oil. One of those details was that a fire occurred at a Western Oil facility in January 2003. Defendants call this document the "smoking gun" because Weiss's counsel used the document to prove that "the fire at Western Oil Sands (the reason given by Western for its decision not to invest), occurred six months later than Mr. Horton said he received the news from Western. Plaintiff argued that this evidence proved that Mr. Horton's testimony about the 'fire' was a pretext and a lie." (Doc. 230 at 6.) Given that the Parties agree that the jury found that Horton *failed* to tell Weiss about Western Oil's investment decision before July 8, 2002, it is unclear how this piece of evidence was the "smoking gun." Defendants appear to premise their argument on the notion that there was no other evidence of omission, and that the document therefore showed that Horton was a liar, which led the jury to reject his testimony. Given the Court's conclusion that there was other evidence of an omission, admission of this piece of evidence was not prejudicial.

### C.   Newly Discovered Evidence

Defendants claim that newly discovered evidence justifies a new trial. They produce three Alchemix shareholder newsletters, and contend that those newsletters made

public Western Oil's decision to forego further investment in Alchemix by 2003. Defendants contend that this evidence demonstrates that Weiss would have had reason to know of any misrepresentation or omission by 2003, thus triggering the statute of limitations, which would have expired in 2005. *See* 28 U.S.C. § 1658. "However, there is no showing why this evidence, with the exercise of due diligence, could not have been discovered prior to trial." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000). Defendants claim that the evidence was not discovered because it was in Horton's personal papers. Yet Horton is a named defendant in this suit. "Evidence is not newly discovered under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987). Consequently, the recent discovery of these newsletters[3] does not justify a new trial.

## CONCLUSION

The Defendants have failed to carry their heavy burden to prevail on their Motion for Judgment Renewed and Motion for a New Trial.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment Renewed (Doc. 229) and Motion for New Trial (Doc. 230) are **DENIED.**

Dated this 3rd day of December, 2012.

_____
G. Murray Snow
United States District Judge

---

[3] Weiss also puts forth evidence in his Response that shows two of these newsletters were disclosed by Alchemix in the course of discovery.