**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Strategic Diversity, Inc., a Massachusetts corporation; and Kenneth P. Weiss, an unmarried man,<br><br>Plaintiffs,<br><br>v.<br><br>Alchemix Corporation, an Arizona corporation; and Robert R. Horton and Cheryl Halota Horton, husband and wife, Medici Associates, LLC, a Delaware limited liability company,<br><br>Defendants. | No. CV-07-00929-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend the Findings and Conclusions (Doc. 281). That motion is denied.

Plaintiff requests that this Court amend its conclusion that: (1) Weiss had not previously tendered his stock, (2) that Weiss was not entitled to prejudgment interest (3) that Weiss was entitled to punitive damages, and (4) that judgment would be entered against Medici.

**1.   Tender**

Weiss asserts in his motion that in both his original and his amended complaint he adequately tendered his stock when he noted "Plaintiffs do hereby rescind and offer to restore to Defendants all benefits and consideration received as a result of said transactions upon restoration and reinstatement of SDI's secured loan to Alchemix and

security interest in Alchemix patents, and Weiss' restoration to the Alchemix Board of Directors." This argument lacks merit. The Court has previously set out in some detail that this demand in both Weiss's Complaint and Amended Complaint was based on Weiss's now-abandoned assertion that separate transactions between his corporation and Alchemix, and Weiss and Medici actually amounted to a single debt-equity swap between Weiss and Alchemix. What he now alleges constituted adequate tender in his complaint was contingent upon that assertion and upon the Defendants' agreement to a number of requirements to which neither Weiss nor Strategic Diversity had any legal right, and which, at any rate, would have been impossible to provide had the facts been as Weiss then alleged them to be.

Ironically enough, when the Ninth Circuit, which initially apparently accepted Weiss's argument that the separate transactions constituted a single debt-equity swap, it determined that it would be impossible for the Defendants to restore the Plaintiffs to the status quo ante, and therefore, in light of the assumed impossibility of providing Plaintiffs with such a restoration authorized the new remedy of rescissionary damages in lieu of rescission.

The Ninth Circuit reasoned:

> Although Weiss stands ready to tender the 250,000 shares of Alchemix for the consideration he offered ($250,000) . . . . The Note has long since expired, coming due in July 2006. We doubt that Weiss's demand for his seat on the Alchemix Board is even possible when there does not appear at present to be an existing board. In addition, true rescission would also involve the unfurling of security interests that are currently held as collateral on other debts.

(*Id.* at 1207–08.) Such a true return to the status quo ante would have also, presumably, required SDI or Weiss to refund the $560,000 loan with interest that it had been repaid which Weiss of course, made no offer to do. At this point in the litigation, Weiss may not have it both ways and claim that these exaggerated demands, which were pursuant to a different theory of a lawsuit on which he obtained no recovery, constituted a tender of

- 2 -

his stock in a straight and simple rescission action. What he alleges constituted a tender in his complaint does not constitute an adequate tender under the law, and the Court will not revise its rulings in this respect.

### 2. Prejudgment Interest

Weiss further erroneously asserts that the Court found that his claims were liquidated. The Court did not so find. Although the Court noted that "Weiss's claim may be liquidated once he tenders his stock," the Court went on to note that Weiss's claims throughout this lawsuit have been ever mutating and mutable in nature. Upon remand from the Court of Appeals, Weiss dropped any claims on behalf of SDI, or any claim that he had engaged in a debt-equity swap with the Defendants, and pursued an action that was much more akin to a straight rescission action, although it was a claim that was being pursued for rescissionary damages. A straight rescission claim for the reimbursement of the amount he paid for his stock was certainly not the nature of Weiss's claim from the beginning of the suit, or for the majority of the time Weiss was pursuing his claims. Weiss does not limit his request, and the Court has already fully considered and evaluated his arguments in making its original findings. No additional findings will be made.

### 3. Punitive Damages Claims

Weiss merely reargues points that the Court has already considered and rejected in its Amended Findings of Fact and Conclusions of Law. Weiss raises no argument at this point that would merit reconsideration of the Court's conclusions regarding punitive damages. Therefore, no additional findings shall be made.

### 4. Joint and Several Liability

Again in his motion for reconsideration, Weiss merely reurges arguments that were previously raised and rejected. To the extent that he attempts to supplement these arguments with new arguments or authority, such as arguments as to how the Court could conclude based on the evidence that Alchemix somehow as an entity made, participated in, or induced the sale, such matters should have been raised earlier, and at this point do not justify additional findings.

**IT IS THEREFORE ORDERED** that the Motion to Amended the Findings and Conclusions (Doc. 281) is, in all respects, denied.

Dated this 15th day of November, 2013.

/G. Murray Snow
United States District Judge